# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TRAMMELL MONTRIEL,

     Plaintiff,

    v.                                    **Case No. 26-CV-55**

KERRI CLEGHORN, *et al.*,

     Defendants.

## REPORT AND RECOMMENDATION

Plaintiff Trammell Montriel, who is currently serving a state prison sentence at the Vernon County Detention Center and representing himself, filed a complaint under 42 U.S.C. § 1983, along with a motion for leave to proceed without prepayment of the filing fee under 28 U.S.C. § 1915. ECF Nos. 1 & 3. Because Defendant Kerri Cleghorn has not consented to magistrate judge jurisdiction, this Court cannot "resolve the case finally." *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 475 (7th Cir. 2017). Therefore, the Clerk of Court shall randomly assign this matter to a district judge for consideration of the recommendation outlined below.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

The Prison Litigation Reform Act (PLRA) applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner-plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On January 28, 2026, the Court ordered Plaintiff to pay an initial partial filing fee of $6.47. ECF No. 6. Plaintiff paid that fee on February 24, 2026. The Court will therefore grant Plaintiff's motion for leave to proceed without prepayment of the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

<b>REPORT</b>

### 1. <u>Federal Screening Standard</u>

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of

2

action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### 2. Complaint Allegations

Plaintiff is a convicted state prisoner. ECF No. 1 at 4. Defendants are described as criminal defense attorney Kerri Cleghorn, unknown judge at the Milwaukee County Courthouse, and unknown district attorney at the Milwaukee County Courthouse. *Id.* at 1-3. According to the complaint, Plaintiff's rights were violated due to ineffective assistance of counsel. *Id.* at 3. Plaintiff states that he never got his discovery and still has not received it. *Id.* He also did not receive court transcripts. *Id.* He states, "the judge, lawyer, and DA all know what was going on and I didn't." *Id.* at 4. Plaintiff explains that he accepted a plea because he was scared of having to serve life in prison. *Id.* He states that he felt something was wrong with the criminal proceeding; and he reiterates that he still does not have the discovery he requested. *Id.* For relief, Plaintiff seeks monetary damages and that "this case be dismissed and for my freedom back." *Id.* at 5.

### 3. The Court's Analysis

A prisoner cannot bring a § 1983 claim that "necessarily impl[ies] the invalidity of [the] conviction or sentence" until he can "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Claims based on ineffective assistance of counsel

3

or the denial of counsel under the Sixth Amendment are *Heck* barred. *See Brown v. Hicks*, 676 F. App'x 601, 602 (7th Cir. 2017) (noting that ineffective assistance of counsel claims are *Heck* barred); *see Cannon v. Newport*, 850 F.3d 303, 306 (7th Cir. 2017) (concluding that a claim that Plaintiff was denied counsel in violation of the Sixth Amendment was *Heck* barred because his conviction had not been set aside). It is clear from the complaint that the criminal conviction for which he seeks monetary damages has not been reversed, expunged, declared invalid, or called into question by a tribunal authorized to make such determination. Therefore, his claim for monetary damages is *Heck* barred.

Moreover, overturning his conviction and releasing him from custody also is not a remedy available under § 1983. A civil rights action under § 1983 is not a substitute for a petition for habeas corpus under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). Therefore, to the extent Plaintiff seeks "dismissal" of his case and his "freedom back," he must seek such relief by filing a petition for a writ of habeas corpus after he has exhausted his state court remedies. *See e.g. Scott v. Evers*, No. 20-CV-1839-PP, 2021 WL 872170, at *2 (E.D. Wis. Mar. 9, 2021)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973)) ("A plaintiff [] arguing that his criminal defense counsel provided ineffective assistance must bring a petition for *habeas corpus* under 28 U.S.C. § 2254, not a civil lawsuit under § 1983.")

It is therefore recommended that Plaintiff's case be dismissed without prejudice because it is barred by *Heck v. Humphrey* and *Preiser v. Rodriguez*. Although district courts must generally give civil *pro se* plaintiffs at least one opportunity to amend their complaint, *see Boyd v. Bellin*,

835 F. App'x 886, 889 (7th Cir. 2021), it is clear here that no amendment can overcome the bars posed by *Heck and Preiser,* so an opportunity to amend would be futile. Separately, and additionally, judges and DAs are typically entitled to absolute immunity; and criminal defense attorneys are not state actors for purposes of § 1983 in any event. *Agrawal v. Pallmeyer*, 313 Fed. Appx. 866, 867-68 (7th Cir. 2009). Plaintiff's complaint would fail to state a claim for that reason as well.

**RECOMMENDATION**

**NOW, THEREFORE IT IS RECOMMENDED** that this case be **DISMISSED** without prejudice because it is barred by *Heck v. Humphrey* and *Preiser v. Rodriguez*.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the **$343.53** balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part

5

thereof, may be filed within fourteen days of entry of this recommendation. Failure to file a timely objection with the district judge shall result in a waiver of your right to appeal.

Dated in Milwaukee, Wisconsin this 24th day of April, 2026.

_____
STEPHEN C. DRIES
United States Magistrate Judge

6